UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                    :
IN RE: METHYL TERTIARY BUTYL        :
ETHER ("MTBE") PRODUCTS            :       OPINION AND ORDER
LIABILITY LITIGATION                   :
-------------------------------------------------------- :       Master File No. 1:00-1898
                                                    :       MDL 1358 (SAS)
This document relates to:              :       M21-88
                                                    :
*New Jersey Department of Environmental*   :
*Protection v. Atlantic Richfield Co. et al.*, 08 :
Civ. 00312                                 :
-------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

        The New Jersey Department of Environmental Protection ("DEP")

brings this action against numerous oil and chemical companies for their use and

handling of the gasoline additive methyl tertiary butyl ether ("MTBE"), claiming

that MTBE has caused widespread contamination of the waters of the state of New

Jersey.  Defendants[1] now move for a more definite statement, pursuant to Federal

---

[1]       The instant motion is submitted on behalf of the following
defendants: Atlantic Richfield Company, BP America Inc., BP Amoco Chemical
Company, BP Corporation North America, Inc., BP Products North America Inc.,
Chevron U.S.A. Inc., CITGO Petroleum Corporation, Coastal Eagle Point Oil
Company, ConocoPhillips Company, Crown Central LLC, Duke Energy
Merchants, LLC, El Paso Corporation, Equilon Enterprises LLC, ExxonMobil
Corporation, ExxonMobil Oil Corporation, Getty Petroleum Marketing Inc., Getty
Properties Corp., Gulf Oil Limited Partnership, Hess Corporation, Lyondell

1

Rule of Civil Procedure 12(e). For the reasons set forth below, defendants'
motion is granted in part and denied in part.

## II.    THE COMPLAINT

The DEP brings this action asserting its own property interest in the
waters of New Jersey, and as a trustee of the waters and pursuant to its police
power.[2] According to the Complaint, once MTBE is released into the environment
it poses risks to water supplies and to human health.[3] Oil company defendants
began using MTBE as a gasoline additive in the late 1970's, and expanded its use
significantly in the 1990's after federal regulation required the use of fuel with
higher oxygen content in certain high-smog areas including New Jersey.[4]
Defendants knew of the risks MTBE posed to water supplies and potentially to

---

Chemical Company, LYONDELL-CITGO Refining LP, Marathon Oil Company,
Marathon Petroleum Company LLC, Mobil Corporation, Motiva Enterprises LLC,
Premcor Refining Croup, Inc. Shell Oil Company, Shell Oil Products Company
LLC, Shell Trading (US) Company, Sunoco, Inc., Sunoco, Inc. (R&M), Total
Petrochemicals USA, Inc., Unocal Corporation, Valero Energy Corporation,
Valero Marketing and Supply Company, Valero Refining Company-New Jersey,
Valero Refining and Marketing Company, Western Refining Yorktown, Inc.

[2]      *See* First Amended Complaint ("Compl.") ¶¶ 12-13.

[3]      *See id.* ¶¶ 76-80.

[4]      *See id.* ¶¶ 83-88.

human health, but used it in gasoline anyway and promoted it as a safe additive.[5]

MTBE has entered the waters of New Jersey through releases of gasoline

containing MTBE, including discharges at gas stations owned and operated by

certain defendants.[6]

The DEP asserts claims of strict products liability based on defective

design, public nuisance, strict liability under the New Jersey Spill Act and Water

Pollution Control Act, trespass, and negligence.[7]  It seeks, *inter alia*, the costs of

investigation, monitoring, remediation and restoration of damaged natural

resources, as well as compensation for their lost interim value.[8]

## III.   RULE 12(e)

Federal Rule of Civil Procedure 12(e) allows a party to move for a

more definite statement when a pleading is "so vague or ambiguous that the party

cannot reasonably prepare a response."[9]  The Rule is "designed to remedy

---

[5]     *See id.* ¶¶ 102-113.

[6]     *See id.* ¶¶ 74, 110.

[7]     *See id.* ¶¶ 114-178.

[8]     *See id.*

[9]     Fed. R. Civ. P. 12(e).

unintelligible pleadings, not to correct for lack of detail."[10]  Motions under Rule

12(e) are disfavored because of their dilatory nature.[11]  "The preferred course is to

encourage the use of discovery procedures to apprise the parties of the factual

basis of the claims made in the pleadings."[12]  However, Rule 12(e) can be an

"appropriate vehicle to pare down 'shotgun' pleadings" as long as its "exercise [is]

cast in the mold of strictest necessity."[13]  The decision to grant a motion for a more

definite statement is within the discretion of the trial court.[14]

## IV.   DISCUSSION

Defendants move for an order requiring the DEP to identify "(1) each

natural resource [it] claims has been injured; (2) the location of each resource; and

(3) the location of each MTBE and/or gasoline release" alleged to have caused

---

[10]    *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No.
00 Civ. 1898, MDL 1358, 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005).

[11]    *See In re European Rail Pass Antitrust Litig.*, 166 F. Supp. 2d 836,
844 (S.D.N.Y. 2001).

[12]    *Tagare v. NYNEX Network Sys. Co.*, 921 F. Supp. 1146, 1153
(S.D.N.Y. 1996).

[13]    *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J. 2003).

[14]    *See Vaden v. Lantz*, 459 F. Supp. 2d 149, 150 (D. Conn. 2006).

contamination.[15] The DEP makes detailed allegations about the nature of MTBE

and defendants' decision to use it in gasoline despite their knowledge of the risks

it posed to water supplies. Yet the allegations regarding the injury caused by

MTBE are extremely vague. The Complaint states that MTBE has caused injury

to "the waters of the State," which are defined as "the ocean and its estuaries, all

springs, streams and bodies of surface or ground water, whether natural or

artificial, within the boundaries of the State or subject to its jurisdiction."[16]

The DEP alleges an extraordinarily broad injury. The breadth of its

claim of injury to the "waters of the State" is further muddied by the allegations

under the subheading "Impact of MTBE on the Waters of the State." That portion

of the Complaint states that MTBE contamination affects fifteen percent of *public

water supplies* statewide, ninety-three percent of *domestic wells* in the Cranberry

Lake area, forty-three percent of *domestic wells* in the Highlands area, and twenty-

---

[15]      Reply Memorandum in Support of Defendants' Motion for a
More Definite Statement Pursuant to F.R.C.P. 12(e) ("Reply Mem.") at 2.
Although defendants argue they do not know what natural resource the DEP
alleges has been damaged, the complaint makes clear that the DEP alleges injury
to water.

[16]      Compl. ¶ 2. The Complaint specifically excludes claims for natural
resource damages at sites where the DEP has previously settled with one or more
defendants for that particular damage. *See id.* ¶ 15. Defendants' argument that the
DEP must identify these sites has no merit, because the identity and location of
these sites is within defendants' knowledge.

nine percent of *domestic wells* in the Piedmont area.[17]  Nowhere does the

Complaint specify any particular ocean, estuary, spring, stream, or body of surface

water that has been contaminated with MTBE.[18]  Yet throughout the Complaint the

DEP consistently claims injury to the "waters of the State," a far broader category

than the water found in "public water supplies" or "private wells."[19]

       The DEP argues that because this action is similar to many others in

this multi-district litigation ("MDL"), and because there is a Master Answer on

file, defendants have sufficient notice of the claims against them.  Yet other

actions in the MDL allege injury to different bodies of water, and are therefore no

help to defendants in discerning the scope of the DEP's claims.  As defendants

note, "previous MDL complaints were more limited in geographic scope" and

"alleged that MTBE had caused injury to specific drinking water supplies owned

or operated by [the] plaintiffs."[20]

       Without a more circumscribed identification of the claimed injuries,

defendants lack sufficient notice of the claims against them, and may be unable to

---

[17]     *See* Compl. ¶¶ 94-96 (emphasis added).

[18]     *See id.* ¶ 2.

[19]     *See, e.g., id.* ¶¶ 10, 11, 89, 97, 105.

[20]     Reply Mem. at 2.

formulate a responsive pleading, especially as to claims for trespass requiring

allegations of property invasion.  Therefore the DEP is ordered to amend its

Complaint to identify the particular water resources it alleges are injured.  For

example, the DEP should specify whether its injury arises from contamination of

public drinking water supplies, private wells, or both.  It should also clarify

whether its injury arises from contamination of other "waters of the State" such as

oceans, estuaries, rivers or lakes that do not directly supply drinking water, and if

so, it should identify which of these waters are contaminated.  Finally, the DEP

must amend its Complaint to identify the approximate location of the injured water

resources.[21]

The DEP need not, however, identify the discharges of MTBE and/or

gasoline containing MTBE, because as I have ruled previously "defendants are in

the best position to identify when and where gasoline releases occurred to cause

these injuries."[22]  The DEP has alleged that certain defendants discharged gasoline

_____

[21]      In a similar ruling on a Rule 12(e) motion, a New Jersey court
required plaintiffs to identify the locations of certain McDonald's restaurants it
alleged were not wheelchair accessible, in violation of the Americans with
Disabilities Act. *See Clark*, 213 F.R.D. at 233-34 (noting that without the
amendment, "McDonald's is simply left to guess as to which of its remaining 2945
restaurants are alleged to violate the ADA").

[22]      *In re MTBE Prods. Liab. Litig.*, 415 F. Supp. 2d 261, 279 (S.D.N.Y.
2005).

containing MTBE from gas stations that they owned and/or operated.[23] Once the

DEP identifies with more specificity the location of the water it alleges to be

contaminated with or threatened by MTBE, defendants will have sufficient

information to determine where the relevant discharges occurred.[24]

## V.   CONCLUSION

Defendants' motion is granted in part and denied in part. The Clerk

of the Court is directed to close this motion.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            August 4, 2008

---

[23]     *See* Compl. ¶ 110.

[24]     As demonstrated by other cases in the MDL, determining which
gasoline or MTBE releases have caused contamination is a highly fact-intensive
endeavor, and it would be unrealistic to ask the DEP to identify release sites in its
pleading.

## -Appearances-

**Liaison Counsel for Plaintiffs:**

Robin Greenwald, Esq.
Robert Gordon, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York  10038
Tel: (212) 558-5500
Fax: (212) 344-5461

**Counsel for Plaintiff New Jersey Department of Environmental Protection:**

Anne Milgram
Attorney General of New Jersey
Richard F. Engel
Deputy Attorney General
Richard J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625
Tel: (609) 292-4925
Fax: (609) 292-3508

Michael D. Axline, Esq.
Tracey L. O'Reilly, Esq.
Miller, Axline & Sawyer
1050 Fulton Avenue, Suite 100
Sacramento, California 95825
Tel: (916) 488-6688
Fax: (916) 488-4288

Barry A. Knopf, Esq.
Leonard Z. Kaufman, Esq.
Cohn, Lifland, Pearlman, Herrmann & Knopf, L.L.P.
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663
Tel: (201) 845-9600

Fax: (201) 845-9423

John K. Dema, Esq.
Scott E. Kauff, Esq.
Law Offices of John K. Dema, P.C.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands 00820-5008
Tel: (340) 773-6142
Fax: (340) 773-3944

Gordon C. Rhea, Esq.
Aaron R. Dias, Esq.
Richardson, Patrick, Westbrook & Brickman, L.L.C.
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29465
Tel: (843) 727-6509
Fax: (843) 216-6509

**Liaison Counsel for Defendants, Counsel for ExxonMobil and on Behalf of all Defendants:**

Peter John Sacripanti, Esq.
James A. Pardo, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, New York  10020
Tel: (212) 547-5583
Fax: (212) 547-5444