# McDermott Will&Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
+1 212 547 5579

July 21, 2010

**BY ELECTRONIC MAIL AND LNFS**

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/10

    Re:    In re MTBE Litigation, MDL 1358, Master File C.A. No. 1:00-1898 (SAS)
            New Jersey Dept. Env'l Protection v. Atlantic Richfield, et al., 08 Civ. 00312
            *Defendants' Request for Extension to August 1, 2010 Deadline for Site Selection*

Dear Judge Scheindlin:

    Defendants write regarding the deadline for initial "focus site" selection set forth in CMO's 60 and 65. More specifically, defendants write to request a short five-day extension to the August 1, 2010 deadline for the identification of their twelve (12) proposed "focus sites."

    As the Court is aware, the parties have been diligently working through plaintiffs' production of hard copy site files (*i.e.*, 254 site files in the possession of the New Jersey Department of Environmental Protection ("NJDEP")), albeit with some difficulty and differences of opinion regarding that production. Both the sheer volume and condition of the files produced (including hundreds of reels of microfilm) and the time it took to complete the production now leave defendants with an inadequate amount of time to meaningfully review all of the data before August 1. Accordingly, defendants respectfully request that the deadline for initial selection of "focus sites" be moved just five (5) days later, to August 6, 2010.[1]

    Defendants do not make this request lightly. However, the circumstances behind defendants' instant application are unique, and, we believe, justify the requested relief. Indeed, a brief timeline is illustrative.

    Defendants first requested the subject site files from plaintiffs on May 18, 2010, after identifying these select sites through a review of plaintiffs' earlier productions, as well as several

---

[1] Defendants attempted to obtain plaintiffs' consent to this request but were unable to do so.

*[Handwritten endorsement:]* Defendants' time in which to make its initial selection of focus sites is extended to August 6, 2010. No further extension of this date will be granted. So Ordered: [signature] USDJ 7/24/10

The Honorable Shira A. Scheindlin
July 21, 2010
Page 2

incarnations of plaintiffs' "site list," or the "universe" of possible sites at issue in this litigation. Plaintiffs formally objected to the size of the request on May 26; no agreement was reached through a meet and confer process; and thereafter, defendants moved to compel the production of the 255 site files. Special Master Warner heard the motion on June 10, 2010; and ordered plaintiffs to use "best efforts" to produce the requested files in time for defendants to meet their August 1 deadline.

Plaintiffs began to produce the first of these files on June 15 at NJDEP offices, insisting that all aspects of the production process, including review and copying, take place there. After several days of having only limited access to the files (8 am to 4:30 pm), and concerned with the pace of plaintiffs' production, defendants moved to compel the off-site scanning of the files.[2] On June 24, Special Master Warner heard the parties' arguments, and then ordered off-site *and* on-site scanning of the plaintiffs' files so that the production might be completed as quickly as possible to meet the Court's rapidly approaching deadlines. See PTO-60, and amended as PTO-60(A). Plaintiffs appealed that order on June 28, and, on July 1, the Court denied off-site scanning and instead ordered "24/7" access to NJDEP offices, and adequate space to accommodate still more scanners for a more expeditious production process. As the Court is aware, NJDEP finally complied with this order on July 8, and plaintiffs announced that they had no more boxes to produce on July 13th. Defendants completed on-site scanning on July 19th.

Notwithstanding defendants' concerted efforts to review and cull down the responsive documents, the volume of responsive material is massive; and the fact that its physical *production* (not the scanning nor the review) was only completed 17 days before this Court's August 1 deadline leaves defendants with insufficient time to substantively review the data for use in site selection – a concern, now realized, that was echoed throughout the motions and hearings alluded to above.

Accordingly, defendants now request this short extension of time for additional review to inform initial site selection. Our request does not affect the September 1 deadline for the "second round" of focus site selection; and we do not believe that the five-day extension prejudices plaintiffs in any way – particularly in light of plaintiffs' previous suggestion that the Court's deadlines might be extended by as much as "two or three weeks" if the Court were to overrule PTO 60-A and ensure on-site scanning at NJDEP would continue. *See 7/1/10 Kauffman Ltr. to Court re Appeal of PTO 60-A.*

---

[2] Notwithstanding the parties' discovery dispute first articulated on the 17th, both continued working through the production at NJDEP. Defendants were gradually able to bring in more scanners and personnel to NJDEP as the plaintiffs were, in time, ordered to make room for the same. Defendants do not suggest that the discovery disputes or NJDEP security protocols completely frustrated the production process – just that they further inhibited what was an already slow, expensive and inefficient production process.

The Honorable Shira A. Scheindlin
July 21, 2010
Page 3

      Thank you for your consideration of our petition.

Respectfully submitted,

*Stephen J. Riccardulli*

Stephen J. Riccardulli