UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------- X
:
IN RE: METHYL TERTIARY BUTYL :
ETHER ("MTBE") PRODUCTS :         **ORDER**
LIABILITY LITIGATION :
:         Master File No. 1:00-1898
----------------------------------------------------- :
:         MDL 1358 (SAS)
This document relates to:         :         M21-88
:
*New Jersey Dep't of Envtl. Prot. v. Atlantic* :
*Richfield Co., et al.* 08 Civ. 0312 :
:
:
----------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    1. On December 12, 2014, the Court issued an order establishing a formal protocol (the "Protocol") for the submission of applications for attorneys' fees in connection with settlements reached or judgments obtained in the above-captioned action.[1]

    2. The law firm Cohn Lifland Pearlman Herrmann & Knopf LLP ("CLPHK"), on behalf of CLPHK, Miller and Axline P.C, the Law Office of John K. Dema, P.C., and Berger & Montague P.C. (collectively referred to herein as "Special Counsel"), and upon notice to and with the support of John J. Hoffman, Acting Attorney General of the State of New Jersey, has petitioned this Court to

---

[1] *See* Dkt. No. 418.

approve attorneys' fees sought in connection with recently-approved settlements between plaintiffs and the following defendants: Citgo Petroleum Corporation ("Citgo"), the Valero Defendants (as defined in that Judicial Consent Order) ("Valero"), George E. Warren Corporation ("George E. Warren"), and The Hess Corporation ("Hess").

3. Based on the materials submitted by Special Counsel with their request for approval of fees resulting from the settlements with Citgo, Valero, George E. Warren, and Hess, including but not limited to Special Counsel's lodestar hours, Special Counsel's retention agreement with the State of New Jersey, and the declarations submitted with the request for approval, the Court finds that the applications comply with the Protocol, and that the requested fees are reasonable and in accordance with Rule 1:21-7 of the Rules Governing the Courts of New Jersey and Rule 1.5 of the New Jersey Rules of Professional Conduct.

4. Specifically the Court finds that the following fee amounts, which are consistent with the rates set forth in Special Counsel's retention agreement with the State of New Jersey, are reasonable and shall be paid to Special Counsel as provided in the retention agreement:

- As to the settlement with Citgo: $3,404,801.40;
- As to the settlement with George E. Warren: $410,000.00;

- As to the settlement with Valero: $3,500,000.00;

- As to the settlement with Hess: $6,971,785.11.

5. A copy of the within Order shall be served upon the Office of the Attorney General of the State of New Jersey within five days of the receipt thereof.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         December 16, 2014

## - Appearances -

### For Special Counsel:

Leonard Z. Kaufmann, Esq.
Cohn Lifland Pearlman Herrmann & Knopf, LLP
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ
(201) 845-9600

### For the Attorney General of the State of New Jersey

Gwen Farley, Esq.
Deputy Attorney General of the State of New Jersey
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, NJ 08625
(609) 984-5016

### Liaison Counsel for Plaintiffs:

William A. Walsh, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

### Liaison Counsel for Defendants:

James A. Pardo, Esq.
Lisa A. Gerson, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza, 11th Floor
New York, NY 10020
(212) 547-5583