

Boston  Brussels  Chicago  Düsseldorf  Frankfurt  Houston  London  Los Angeles  Miami
Milan  Munich  New York  Orange County  Paris  Rome  Seoul  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Stephen J. Riccardulli
Attorney at Law
sriccardulli@mwe.com
+1 212 547 5579

December 24, 2014

BY HAND DELIVERY AND ELECTRONIC MAIL

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, New York  10007-1312

**Re:**  *New Jersey DEP, et al. v. Atlantic Richfield Co., et al.*, No. 08-cv-00312
*Response to Plaintiffs' December 19, 2014 Letter Regarding Suggestion of Remand*

Dear Judge Scheindlin:

Defendants write in response to Plaintiffs' December 19, 2014 letter regarding a proposed Motion for a Suggestion of Remand. Plaintiffs' letter was less than clear as to where the parties' positions part ways. To clarify, the parties are in agreement that the nineteen "Trial Sites" on which fact and expert discovery have been completed are ready for remand to the District of New Jersey for trial. However, the parties disagree as to what should occur with the remainder of the *New Jersey* case – *i.e.*, the 5,000-plus sites on which discovery has yet to occur. As described below, Defendants believe that partial remand - of the Trial Sites - is the appropriate next step, with this Court retaining jurisdiction of the balance of the case. Therefore, Defendants join in Plaintiffs' request for a pre-motion hearing and a briefing schedule on the issue of full versus partial remand.

**I.  Partial Remand is Contemplated by the J.P.M.L. Rules and 28 U.S.C. § 1407**

Plaintiffs cite JPML Rule 10.1(b) for the proposition that the Panel looks to the transferee court for a suggestion of remand. That same rule explicitly provides that the transferee court may recommend "remand of an action, **or any part of it**[.]" J.P.M.L. Rule 10.1(b) (emphasis added); *see also id.* (recognizing that the Panel may, on its own initiative, "remand an action or any separable claim"); 28 U.S.C. § 1407(a) (the "panel may separate any claim . . . and remand any of such claims before the remainder of the action is remanded"). The *New Jersey* action is no doubt unique - Defendants have found no other MDL case involving hundreds or thousands of sites. However, the Panel has ordered partial remand in analogous situations, such as where

The Honorable Shira A. Scheindlin
September 22, 2014
Page 2

multiple claims are brought on behalf of a plaintiff. *See, e.g.*, *In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350 (J.P.M.L. 2001) (ordering separation and remand of Sherman Act claims where transferee court retained jurisdiction over Robinson-Patman Act claims). Moreover, the term "claim," as used in section 1407(a), has been interpreted broadly. *See In re Collins*, 233 F.3d 809, 811 (3d Cir. 2000) (rejecting petitioners' invitation to "construe 'claim' in section 1407(a) to be synonymous with 'cause of action'"). Therefore, separation and remand of the nineteen Trial Sites – each of which could have been brought as an individual case in the first instance – is permitted and supported by the Panel's rules and decisional history.

## II.    Partial Remand is Appropriate for the *New Jersey* Trial Sites

In the instant case, remand of the nineteen Trial Sites is appropriate, with this Court retaining jurisdiction over the remainder of the case.

First, discovery has occurred on only a small fraction of the sites at issue in this statewide litigation. Plaintiffs' contention that "fact discovery was completed on September 14, 2012, and expert witness discovery was completed by May 31, 2013," (*Pls.' Ltr.* at 2), of course refers only to the nineteen Trial Sites. As to the remainder of the *New Jersey* case, discovery has been greatly limited. *See, e.g.*, CMO 95 (permitting Plaintiffs to "limit their supplement[al] responses to materials relevant to the nineteen (19) trial sites"). Indeed, Plaintiffs admitted in a recent brief filed with the Court that discovery "has focused almost exclusively on the 19 Trial Sites." *Mem. of Law in Support of Pls.' Mot. to Approve Judicial Consent Order as to CITGO Petroleum*, (Dkt. #345), at 6. At this point, neither the Court nor the parties know whether the Plaintiffs really have viable claims at over 99 percent of the sites in the case.

Second, as the Panel recognized when it created MDL 1358, one of the benefits of centralization was "placing all actions in [the MTBE] docket before a single judge who can formulate a pretrial program that . . . ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions. . . ." *JPML Transfer Order* (Oct. 10, 2000). While this Court has seen to it that nineteen sites are now ready for trial, there can be little disagreement that significant work is left before the same can be said of the remainder of the *New Jersey* case. As Your Honor has been that "single judge" who has thus far formulated the path forward, Defendants believe this Court is in a better position than the transferor court to usher the remainder of the case through discovery. Indeed, retaining the remainder of the *New Jersey* case in MDL 1358 will continue to benefit the parties, who will gain guidance from this Court's orders and decisions in the other pending statewide cases.

Third, proceeding with separation and remand of the Trial Sites makes practical sense. This Court's years of experience with the MTBE docket, and the *New Jersey* case in particular, puts the Court in a far better position than the district court in New Jersey to address pretrial proceedings on the remaining 5,000-plus sites. *Cf. In re Vioxx Prods. Liab. Litig.*, No. 2:05-MD-01657 (Dkt # 63842), *Pretrial Order No. 58*, at 2 ("At this late juncture of the proceedings, it would not be efficient use of limited judicial resources to require other judges to essentially start

The Honorable Shira A. Scheindlin
September 22, 2014
Page 3

anew with these cases" and "[a] significant benefit of MDL coordination arises from the conservation of judicial resources, and the ability of a judge who is knowledgeable about the extensive history of the litigation to address and manage discovery issues and motions practice more efficiently.").

Finally, Plaintiffs make far too much of a statement made by one defendant's counsel at the May 13, 2014 hearing. *Pls.' Ltr.* at 2. At issue during that hearing was the reasonableness of Plaintiffs' settlement with the CITGO defendants. Throughout the hearing, the Court and the parties spoke both of the "trial sites", on which discovery had occurred, and the *New Jersey* action as a whole. Counsel's statement that the "case" is ready for remand, without specifying "trial site" or "full," can hardly be viewed as an admission or as counsel taking a position on the specific issue now before the Court.[1] Indeed, if the parties were picking out statements from that transcript, it would appear that the Court likewise envisioned the New Jersey Trial Sites proceeding as separate "cases." *See May 31, 2013 Hrg. Tr.* at 24:7-10 (discussing the Trial Site approach and stating, "[y]ou may have to try a case or two. . . .").

For the foregoing reasons, Defendants believe that separation and remand of the nineteen sites that are trial-ready is the appropriate next step for the *New Jersey* action.

Respectfully submitted,

*Stephen J. Riccardulli*

Stephen J. Riccardulli

cc: All Counsel of Record by LNFS, Service on Plaintiffs' Liaison Counsel

---

[1] Indeed, Plaintiffs' December 19, 2014 letter uses the term "case" alternatively to refer to the entirety of the *New Jersey* action and the Trial Sites. *Compare Pls.' Ltr.* at 1 ("the Court and Special Master have administered the case"), *with id.* at 2 ("In the instant case, fact discovery was completed on September 14, 2012").