UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation<br><br>**This document relates to:**<br><br>*New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.,* No. 1:08-cv-00312 | Master File No. 1:00-1898 (VSB)<br>MDL 1358 |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.   PLAINTIFFS ADMIT THAT THIS CASE IS NOT TRIAL READY BUT
     FAIL TO SHOW GOOD CAUSE FOR EARLY REMAND ............................................ 1

II.  THE NEW JERSEY CASE WILL BENEFIT FROM FURTHER
     COORDINATED PROCEEDINGS IN THE MDL ........................................................... 6

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Commw. of Pa. v. Exxon Mobil Corp., et. al.*,
  No. 14-cv-06228(VSB), 2019 WL 117302 (S.D.N.Y. Jan. 7, 2019) .............................. *passim*

*In re Fosamax Prod. Liab. Litig.*,
  No. 06 MD 1789(JFK), 2012 WL 5877418 (S.D.N.Y. Nov. 20, 2012) ..................................7

*In re Integrated Res., Inc.*,
  No. 92-cv-4555(RWS), 1995 WL 234975 (S.D.N.Y. Apr. 21, 1995) ......................................2

*In re Integrated Res., Inc.*,
  851 F. Supp. 556 (S.D.N.Y. 1994) .......................................................................................2

*In re Maxim Integrated Products*,
  2015 WL 1757779 (W.D. Pa. Apr. 17, 2015) ........................................................................3

*In re Merrill Lynch Auction Rate Sec. Litig.*,
  No. 09 MD 2030(LAP), 2010 WL 2541227 (S.D.N.Y. June 11, 2010) ..............................4, 7

*Orange County Water District v. Unocal, et al.*,
  No. 04-cv-4968(VSB), 2017 WL 5468758 (S.D.N.Y. Nov. 13, 2017) ................................3, 4

*In re Patenaude*,
  210 F.3d 135 (3d Cir. 2000) .................................................................................................3

*Wang v. Bear Stearns Cos. Inc.*,
  No. 11-cv-5643, 2013 WL 3479507 (S.D.N.Y. July 10, 2013) ..............................................2

**Other Authorities**

*Suggestion of Remand*, No. 1:00-cv-01898-VSB, ECF No. 4471 (Nov. 13, 2017) ........................4

## PRELIMINARY STATEMENT

Plaintiffs' motion is almost entirely a "cut and paste" of the remand motion, filed by the same outside counsel, that this Court properly denied just last week in the *Commonwealth of Pennsylvania* case. Because Plaintiffs have offered essentially the same arguments that this Court rejected or found "meritless" in *Pennsylvania*, remand should be similarly denied here.

In fact, the only new argument offered by New Jersey – *i.e.*, that remand is appropriate because a Phase I focus site trial will soon be held in *New Jersey* – actually counsels *against* remand. The whole point of the focus site approach is to work up a discrete set of sites for trial, conduct that trial, and then allow the parties and the MDL Court to take the "lessons learned" and apply them to the next phase(s) of the case. The outcome of the Phase I trial will likely lead to further settlements, focused discovery, motion practice, or other efforts to streamline or resolve what remains of the case. What matters now is that the focus site process that this Court carefully crafted years ago is just now entering its final stage (trial) in *New Jersey*, and should play out before remanding the remaining, or any portion of, the remaining sites. It defies logic to suggest, as Plaintiffs do, that the process should be scrapped at this late stage by remanding the rest of the case to the trial court now.

In short, while Phase I may be nearly over, it is not over yet, and the best path forward is for the MDL Court to see it through to completion.

## ARGUMENT

### I. PLAINTIFFS ADMIT THAT THIS CASE IS NOT TRIAL READY BUT FAIL TO SHOW GOOD CAUSE FOR EARLY REMAND

It is undisputed that pretrial proceedings on the remaining, non-remanded New Jersey sites are not yet complete. Indeed, Plaintiffs repeatedly note that discovery of these sites has "not yet

1

begun." (Pls. Mot. at 5, 8.)[1] "Because this case is not trial-ready, [the Court] can only suggest remand if Plaintiff has carried its burden to demonstrate good cause." *Commw. of Pa. v. Exxon Mobil Corp., et. al.*, No. 14-cv-06228(VSB), 2019 WL 117302, at *2 (S.D.N.Y. Jan. 7, 2019) ("Once a matter is transferred and consolidated or coordinated by order of the Panel, an action can be remanded to its court of origin prior to the completion of pretrial proceedings '*only upon a showing of good cause.*'") (quoting *In re Integrated Res., Inc.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994)) (emphasis added); *see also Wang v. Bear Stearns Cos. Inc.*, No. 11-cv-5643, 2013 WL 3479507, at *2 (S.D.N.Y. July 10, 2013) ("[A]n action can be remanded to its court of origin prior to the completion of pretrial proceedings 'only upon a showing of good cause.'"). Plaintiffs have not come close to demonstrating such good cause here.

*First*, Plaintiffs argue that remand is appropriate because the JPML has begun "winding down this MDL" and only five cases remain. (Pls. Mot. at 3-4, 7.) This Court already found this argument "meritless," holding that "the fact that the number of cases remaining in the MDL is dwindling, and that the Panel has decided not to add additional consolidated cases, are not alone sufficient to justify remand of this action." *Commw. of Pa.*, 2019 WL 117302, at *4.

Indeed, the law is clear that "[e]ven if the transferee court has disposed of all but one transferred case, the Panel may refuse to remand that single case to the transferor district because discovery still remained to be completed in that case." *Wang*, 2013 WL 3479507, at *3; *see also Commw. of Pa.*, 2019 WL 117302, at *4 ("Even where 'virtually all the actions with which [a] case was consolidated have ... been settled,' remand is not required." (quoting *In re Integrated Res. Inc.*, No. 92-cv-4555(RWS), 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995)). For

---

[1] Plaintiffs' point technically is incorrect. The State responded to an initial set of discovery about the remaining sites in early 2017, shortly before the parties turned their full attention to trial of the remanded Trial Sites. *See Plaintiffs' Consolidated Responses to Defendants' First Set of Phase II Discovery* (Feb. 16, 2017). Nonetheless, Defendants do agree that discovery on these remaining sites is in an early stage.

2

example, in *In re Maxim Integrated Products*, the MDL court denied remand despite the fact that only one case remained and despite the fact that, unlike here, both fact and expert discovery were complete. 2015 WL 1757779, at *3-4 (W.D. Pa. Apr. 17, 2015) (noting that "coordination can be found even if common issues are present only in relation to cases that have already terminated").

Here, Plaintiffs admit that significant discovery remains to be completed on the non-remanded sites. Moreover, five cases remain in this MDL and, as discussed below, the similarity of the remaining sovereign cases weighs strongly in favor of continued consolidation. In short, the size and status of the MDL barely enters the calculus on remand, let alone presents good cause for this Court to recommend it here.

*Second*, Plaintiffs argue that remand is appropriate "because overlapping issues of law and fact have been resolved and 'everything that remains to be done is case-specific'" – *i.e.*, "adjudication of remaining sites." (Pls. Mot. at 6) (citation omitted). On this point, Plaintiffs' counsel continues to selectively quote from Your Honor's *Orange County Water District* opinion. *See Commw. of Pa.*, 2019 WL 117302, at *3 n.6 (noting that plaintiff "relie[d] heavily on [the Court's] remand decision in the Orange County Water District matter, [but] does so selectively and ignores that only part of that case was remanded.") For example, Plaintiff cites this Court for the proposition that remand is appropriate where "everything that remains to be done is case-specific." (Pls. Mot. at 6) (quoting *Orange County Water District*, No. 04-cv-4968(VSB), 2017 WL 5468758, at *2 (S.D.N.Y. Nov. 13, 2017)). But that opinion emphasizes the Panel's discretion, and goes on to state that even "[w]hen 'everything that remains to be done is case-specific,' it does not necessarily mean that 'consolidated proceedings have concluded[.]'" *Orange County Water District*, 2017 WL 5468758, at *2 (citing *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)). Rather, the decision to suggest remand "generally turns on the question of whether

3

the case will benefit from further coordinated proceedings as part of the MDL." *Commw. of Pa.*, 2019 WL 117302, at *2 (quoting *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 MD 2030(LAP), 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010)). As discussed below (*infra* at 6-8), the imminence of the *New Jersey* Phase I trial argues for greater – not reduced – benefit from continued coordinated proceedings.

*Third*, Plaintiffs contend that remand of the remaining *New Jersey* sites will maximize efficiency and "expeditious disposition of the litigation." (Pls. Mot. at 6-7.) Here again Plaintiffs cite and mischaracterize this Court's *Orange County* decision, ignoring the fact that the *Orange County* decision involved only a partial remand of the case. Indeed, this Court explicitly found that the non-remanded portion of *Orange County* would remain in the MDL "in order to conduct coordinated and consolidated pretrial proceedings." *Suggestion of Remand*, No. 1:00-cv-01898-VSB, ECF No. 4471, at 2 (Nov. 13, 2017); *see also Commw. of Pa.*, 2019 WL 117302, at *3 n.6.

In any event, a searching review of Plaintiffs' motion demonstrates that they provide little actual support for the contention that remand will be more just and efficient, and certainly nothing persuasive enough to meet their burden of good cause shown. First, they make a passing reference to the evidence and witnesses being located in New Jersey (Pls. Mot. at 8), but that also was the case when the parties conducted discovery on the now-remanded Trial Sites, and it was no impediment – Defendants simply went to New Jersey. Indeed, if the location of evidence and witnesses was good cause for remand, every case transferred to the MDL would be immediately on its way back home.

Plaintiffs also argue that the "history of this MDL" demonstrates that the remainder of the *New Jersey* case will be resolved more efficiently if the case is remanded to the trial court, citing only *a single* case for this "history lesson" – the *State of New Hampshire*. (Pls. Mot. at 5.) But as

4

Plaintiffs and the MDL Court know, Defendants have raised serious Constitutional and Due Process concerns with the "statewide" structure that led to resolution of the *New Hampshire* case. Judge Scheindlin recognized this issue when she ordered "Phase II" of the *New Jersey* matter to be resolved in a single trial only "so long as such trial protects the constitutional rights of all parties" and only after any disputes as to that structure are "resolved by the Court after full briefing[.]" (CMO 124.) Clearly, Judge Scheindlin envisioned that this was a decision for the MDL Court to make prior to remand.

Next, Plaintiffs suggest that the trial being conducted in the District Court of New Jersey "will thoroughly inform that Court regarding site-specific issues and how to efficiently manage adjudication of the remaining case." (Pls. Mot. at 6.) While Defendants agree that the first trial will be informative, Plaintiffs' conclusory assertion of efficiency is unconvincing, and they fail to explain why the transferor court is any better equipped to learn from the first trial than is the MDL Court, with its vast experience. *See Commw. of Pa.*, 2019 WL 117302, at *7 (noting this Court's "significant familiarity with the relevant complex factual and legal issues involved in the MDL" and finding that plaintiffs offer "no factual or legal support for this [efficiency] argument."). In fact, as explained below, the imminence of the Phase I trial is an argument *against* remand, not for it, because the lessons learned from the first trial can aid this MDL Court in moving not only *New Jersey* to resolution, but the other pending sovereign cases as well.

*Finally*, to the extent that Plaintiffs' efficiency argument relies on their inflammatory reference to the "43 months that have passed" since remand and the work that the transferor court has done (Pls. Mot. at 4), this is the epitome of a straw man argument, as it incorrectly suggests that anything more than some initial discovery *should have* been happening in the non-remanded

portion of the case while the parties were engaged in pre-trial and trial activities in the District of New Jersey.[2]

In sum, the arguments offered for remand here are no more persuasive than the ones that this Court just recently rejected in *Commonwealth of Pennsylvania*.

## II. THE NEW JERSEY CASE WILL BENEFIT FROM FURTHER COORDINATED PROCEEDINGS IN THE MDL

Your Honor recently wrote that "[t]his Court has accrued significant familiarity with the relevant complex factual and legal issues involved in the MDL" and "[i]n the course of approving numerous settlements and ruling on multiple dispositive motions . . . [has] analyzed the different claims and issues involved in the various individual matters in this MDL." *Commw. of Pa.*, 2019 WL 117302, at *3. As such, the MDL Court will have an important role to play following the outcome of the Phase I trial. As described above, the outcome of that trial is likely to lead to settlements, but also further motion practice aimed at narrowing the remainder of the case. For example, Plaintiffs may contend that a certain claim was conclusively decided against a Phase I defendant and should apply to the remainder of the case. Defendants, on the other hand, may argue that certain findings preclude Plaintiffs from pursuing similar claims at remaining sites. All of this will be hotly contested, no doubt, but the MDL Court, armed with its "significant familiarity," is in the best position to handle it.

---

[2] Indeed, at one point, Plaintiffs took the position that discovery in the MDL was stayed while the parties engaged in mediation ordered by the transferor court. (*Email from L. Kaufmann to L. Gerson* (Dec. 7, 2016) ("Our position remains unchanged. We agree to produce that which we said we would. However, we believe that discovery is stayed by order of the court until Jan. 1.").) Nonetheless, pursuant to CMO 123, the parties did engage in initial discussions regarding Phase II and conducted some limited discovery (with full responses by Plaintiffs deferred to an unspecified later date). (*Email from L. Kaufmann to L. Gerson* (Nov. 14, 2016) (confirming agreement regarding discovery).) If there has been delay in conducting discovery in Phase II, it is fair to say that both sides simply have been consumed with the Phase I trial, and not that there has been any failing by the MDL Court to move the case. But now, rather than return to and complete the directives contained in CMO 123, Plaintiffs have instead brought this motion.

Moreover, the MDL Court will have the opportunity to apply the lessons learned from the Phase I trial not only to *New Jersey*, but to the remaining sovereign cases as well – so there is still occasion for this Court to issue the "transferrable" rulings on which Plaintiffs continue to focus. (Pls. Mot. at 4.) And, the benefits are a two-way street. For example, defendants in the *Pennsylvania* case are pursuing an "enhanced focus site approach" that, Defendants believe, will lead to early elimination of meritless claims and a more efficient and expeditious resolution of these multi-site cases.[3] *Accord In re Fosamax Prod. Liab. Litig.*, No. 06 MD 1789(JFK), 2012 WL 5877418, at *3 (S.D.N.Y. Nov. 20, 2012) (observing that Court had "reason to believe that spurious or meritless cases are lurking in the some 1,000 cases on the MDL docket," and ordering a *Lone Pine* procedure to obtain information "to eliminate meritless cases" and advance the fair and efficient administration of this litigation). As that process continues to unfold, it will likely lead to efficiencies that can be borrowed for adjudication of the remaining *New Jersey* sites.

Nor is it true, as Plaintiffs contend, that everything left to be done is "case-specific." (Pls. Mot. at 4.) For example, all three sovereign plaintiffs are seeking to recover damages for alleged injury to privately-owned drinking water wells. Those claims remain in MDL 1358 for all of the sovereign cases. Accordingly, common issues remain to be resolved concerning the viability of such claims, including, but not limited to, whether the sovereign plaintiffs have *parens patriae* standing and whether there is a cognizable injury to the private wells. These critical issues remain unresolved, and they are exactly the type of common legal questions appropriate for resolution by the MDL Court. Alternatively, multiple judges would be left to tackle them – hardly an efficient use of judicial resources. *Cf. In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09-MD-2030, 2010

---

[3] In the *Pennsylvania* case, Magistrate Freeman recently adopted aspects of both Defendants' and Plaintiff's focus sites proposals. Notably, she retained two key aspects of Defendants' "enhanced focus site" proposal – random selection and a significantly larger set of sites. The transcript from that January 11, 2019 hearing is not yet available.

WL 2541227, at *2 (S.D.N.Y. June 11, 2010) ("Remand should not occur when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'").

Numerous efficiencies and remaining common issues warrant continued coordination of the *New Jersey* case, and it would be a waste of years of hard work in Phase I – by the parties and the Court – to remand this case just as the benefits of that hard work are about to come to fruition.

## CONCLUSION

For all of the foregoing reasons, as well as those discussed in the Court's January 7, 2019 decision denying remand in *Commonwealth of Pennsylvania*, the Court should deny Plaintiffs' request for a suggestion of remand here as premature and for failure to show good cause.

January 16, 2019  
New York, New York

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ James A. Pardo

James A. Pardo  
Lisa A. Gerson  
340 Madison Avenue  
New York, New York 10173

*Counsel for Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation, and on Behalf of All Defendants listed on Exhibit A.*

8